# OCTOBER, 1930.

HOMER JOHNSON, CLAIMANT, RESPONDENT, v. WILMONT REED ET AL., EMPLOYERS, GLOBE INDEMNITY COMPANY, INSURER, APPELLANT.

Kansas City Court of Appeals.   November 3, 1930.

*Reiger & Reiger* for respondent.

*Jones, Hocker, Sullivan & Angert* for appellants.

ARNOLD, J.—This is an appeal from a finding and judgment of the circuit court of Adair county, Missouri, on appeal from an award by the Workmen's Compensation Commission of Missouri. The claimant was a farmer who with his family was living and working on a farm of 666 acres near Kirksville, Missouri, owned by Wilmont Reed and James L. Reed, his employers.

On January 23, 1928, while in the course of his employment, in the act of vaccinating some cattle, claimant was kicked in the back by a two-year-old heifer. The blow resulted in a bilateral fracture of the fourth lumbar vertebra. Claimant was taken to a hospital in Kirksville, where he was confined for a period of eight weeks, after which he continued to be treated by physicians up to and including the time of his final hearing before the Missouri Workmen's Compensation Commission.

Claimant duly filed his claim with the commission on April 16, 1928, to which an answer was filed on April 23, 1928. The cause came on for hearing before Commissioner Alroy A. Phillips on June 12, 1928, and a temporary award in favor of claimant was made in the sum of $20 per week, for a period not to exceed 400 weeks. At that time the extent of claimant's disability could not be definitely determined; and for this reason the temporary award was made.

The Globe Indemnity Company, insurer of the employers, complied with this temporary award and made the weekly payments to January 14, 1929, in the total sum of $1020. The insurer refused to pay further and claimant was ordered to report at the city of St. Louis for examination by insurer's doctor, one Dr. Vosburgh, the examination to be conducted on two consecutive days, to-wit, July 30 and 31, 1928. The record shows that Dr. Vosburgh finally examined claimant on March 13, 1929. The cause again came on for hearing for final award on July 11, 1929, before commissioner Jay J. James. After evidence was introduced at that hearing, an award was made in favor of claimant of $20 per week for a total period of seventy weeks.

Claimant filed application for review before the full commission and thereupon the final award was affirmed, all members of the commission concurring. An appeal was perfected by claimant to the Adair county circuit court, which said court reversed the final award of the commission and remanded the cause "for further procedure as required by law." The reasons assigned by the court for such finding and reversal of judgment were as follows:

"In this connection I call attention to the award of the commission. Claimant was injured January 23, 1928. The final award was for seventy weeks, which would extend the compensation to about June 1, 1929. The final hearing was held July 11, 1929. Dr. Vosburgh's evidence was based upon an examination made March 13, 1929. If the commission based its findings that the claimant was recovered upon the testimony of Dr. Vosburgh, then compensation should have ceased March 13, 1929, rather than June 1, 1929. There was no evidence on behalf of the insurer as to his condition on June 1st, or July 11, 1929. As above stated the testimony of claimant and the physicians who had been treating and caring for him was to the effect that he was permanently and totally disabled at the date of the hearings on July 11th. I am unable to find any evidence in the record upon which to base the finding of the commission that claimant should be paid until June 1, 1929, for permanent total disability and that he should not be paid for permanent total disability thereafter, or that he should not be paid for temporary partial disability. at least. Under the testimony of Dr. Vosburgh, I am of the opinion it was mandatory for the commission to allow at least temporary partial disability for a period of time to be ascertained by the commission on a rehearing of this matter."

In his findings of fact filed with the commission on June 12, 1928, Commissioner Phillips formally found the necessary elements upon which to base his recommendation, as above stated; and, as to the nature and character of the injury, the report states:

"The X-rays indicate a longitudinal fracture on both sides of the body of the fourth lumbar vertebra, as though the transverse processes were broken off and had carried with them large-sized fragments of the sides of the body. The spinuous process is also out of line both vertically and horizontally, as though the whole vertebra were somewhat rotated and twisted. There are also signs of an affection of the right great sciatic nerve, one branch of which (the fourth lumbar) comes through the intervertebral foreman of the fourth lumbar vertebra near the site of the fracture on the right side, which is the most severe injury. This employee is in need of immediate medical attention and X-rays should be taken at once to show the present condition. Pending determination of the nature and extent of the injury, only a temporary award can be made.''

The hearing before Commissioner James, on July 11, 1929, was for the purpose of making a final award. On this hearing, the insurer, the Globe Indemnity Company, introduced but one witness, to-wit, its surgeon Dr. Vosburgh, in an attempt to show claimant had fully recovered. Claimant introduced as witnesses physicians who had treated him at the time of the accident and thereafter, in an attempt to show claimant had not fully recovered from the effects of the injury, but was still suffering therefrom. Commissioner James found as a fact that claimant had fully recovered, and this finding was affirmed by the commission. As stated above, this finding and award were reversed by the Adair circuit court on appeal and the Globe Indemnity Company, the insurer, has appealed to this court.

It is urged on this appeal that the circuit court erred in reversing the award of the commission because, first, the claimant failed to establish all the facts necessary to a finding that he was suffering from temporary partial disability, and that this burden was on the claimant; second, the findings of fact made by the commission have the force and effect of the verdict of a jury and will not be disturbed on appeal, if supported by competent evidence; that the final award of the commission is amply supported by competent evidence and therefore should have been sustained; and, third, that the extent of the disability resulting from the injury is a question of fact, as well as the question of the permanency of such disability; that the commission in this case found there was no permanent injury, and that the temporary disability had ended on June 1, 1929.

It has been held that on review of proceedings under the Compensation Act, an appellate court is limited to determining whether, as a matter of law, there was sufficient competent evidence adduced, together with fair and reasonable inferences of fact, legitimately deducible therefrom, to justify the finding made by the commission, upon which claimant's right to compensation was based. [Smith v. Mercantile Co., 14 S. W. (2d) 470; Johnson v. Kruckemeyer et al,

29 S. W. 730, and cases therein cited.] This is the accepted rule and further citations would seem to be unnecessary. However, the case at bar differs somewhat from the cases cited in support of the rule. Here, there were two hearings, to-wit, the one before Commissioner Phillips when the temporary award was made of $20 per week, not to exceed 400 weeks, and the other before Commissioner James, at which the final award was made, declaring claimant had fully recovered; and finally the award made by the full commission which was merely a review of the recommendations of Commissioner James. The citations presented deal with appeals from original awards.

Section 42, of the Missouri Workmen's Compensation Act, provides the commission may, at any time after due notice to the parties interested, review any award and on such review, make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act. The record discloses that the appealing insurer ceased payment of the weekly award after the last examination of claimant by the insurer's surgeon, and previous to the final hearing before Commissioner James. It would appear, therefore, that the insurer arbitrarily ceased payment while the award of Commissioner Phillips was still in effect, presumably because the insurer considered there was a "changed condition" as provided in section 42, of the act. Whether, in this situation, the reasonable inference would be that on the subsequent hearing before Commissioner James, the burden of proof would be on the insurer to prove such "changed condition," we need not say, for reasons to be presently stated. It is true, as provided in section 44 of the act, that on appeal to the circuit court no additional evidence shall be heard, and in the absence of fraud the findings of fact made by the commission within its powers shall be conclusive and binding. The section further provides the court on appeal shall review only questions of law; and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds: (1) That the commission acted without, or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the commission do not support the award; (4) that there was not sufficient competent evidence in the record to warrant the making of the award. Under the record in the case at bar we have to deal only with the fourth ground, as the trial court obviously based its decision on the point "that there was not sufficient competent in the record to warrant the making of the award." This refers, of course, to the award by Commissioner James and affirmed by the whole commission.

The only witness introduced by the insurer was its own surgeon, Dr. Vosburgh, as above stated. It is urged the trial court passed upon the weight of the evidence. This complaint is not well founded.

In reviewing the evidence, we find there were physicians testifying in claimant's behalf who stated claimant had not fully recovered at the time of the trial, and connected his ailment with the injury he received when kicked by the cow. In the report of Dr. Vosburgh, as shown by his testimony, we do not find the doctor stated the claimant had fully recovered from his injury, except that the fractured vertebra had united. There still remained certain results of which claimant complained. In this situation we find no material conflict in the evidence. Under these circumstances, if the burden of proof was upon claimant, it was fully sustained, and we may not convict the trial court of error under defendant's charge of passing on the weight of the evidence; neither are we passing on the weight of the evidence here. The trial court was justified in reversing the final award and remanding the cause for a rehearing before the commission, in order that a definite period of time might be ascertained in which claimant should be paid, at least, for temporary partial disability. Accordingly the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.